## CLEGG v. METROPOLITAN CASUALTY INS. CO. OF NEW YORK.

No. 6856.  Decided February 15, 1946.  (166 P. 2d 255.)

See 26 C. J. S., Depositaries, sec. 9; 42 Am. Jur., 733.

*Arthur E. Moreton* and *Elias L. Day,* both of Salt Lake City, for appellant.

*Ingebretsen, Ray, Rawlings & Christensen,* of Salt Lake City, for respondent.

WADE, Justice.

From January 5, 1929, to the latter part of January, 1931, Peter V. Clegg, plaintiff herein, was the Treasurer of the Tooele County Board of Education. Prior to April 15, 1930, plaintiff and the Board of Education designated the Tooele County State Bank as the depository of the funds of the School District and on that date, on plaintiff's demand, the bank as principal and the Metropolitan Casualty Insurance Company, defendant herein, as surety, delivered to plaintiff as such Treasurer their depository bond in the sum of $5,000 in compliance with Chap. 46, Laws of Utah for 1929. This and a similar depository bond for $10,000 by the Mutual Indemnity Company were the only depository security which were furnished by the bank in compliance with that chapter although the funds which were kept on deposit were greatly in excess of those amounts and thus plaintiff became liable to the School District personally for such funds. The bank was closed and its assets were taken over by the bank commissioner for liquidation on January 14, 1931, at which time there was on deposit therein $141,315.86 of the School District's funds. Thereafter and during the latter part of January, 1931, plaintiff was discharged by the board from his duties as Treasurer and on October 3, 1931, upon demand from the School Board, defendant paid to it the penalty of the bond in full and received from the School Board a written assignment to the extent of $5,000 of the claim of the School District against the bank. These transactions were without the knowledge of the plaintiff.

During the years of 1933 and 1934, the bank commissioner paid to the defendant in the course of liquidation, pursuant to the assignment, the sum of $1,250. At that time the claim of the School District had not been paid in full but since then it has been fully paid. The last payment thereon was made by the bank commissioner on December 4, 1940; in addition to the payments made by the bank commissioner the School Board received $5,000 from the

defendant, $10,000 from the Union Indemnity Company on a similar depository bond, and $14,500 from the Hartford Accident and Indemnity Company as surety on plaintiff's official bond. On October 14, 1941, the Hartford Accident and Indemnity Company recovered a judgment against plaintiff for the full amount it paid to the School Board as surety on his official bond together with interest, costs and attorney's fees in the sum of $19,154.92, which is now in full force and effect and no part thereof has been paid. On May 13, 1941, during the trial of that case, plaintiff first learned that the $1,250 had been paid to defendant. He did not set up such payment as a defense to that action but did immediately demand that defendant pay such sum to him. Defendant has refused to pay said sum or any part thereof to plaintiff and plaintiff brings this action to recover the same. The trial court found in favor of the defendant and entered a judgment of no cause for action from which plaintiff appealed to this court.

Plaintiff's theory is that this is an action for money which defendant received and which in equity belongs to plaintiff; that defendant has been unjustly enriched at plaintiff's expense as by the depository bond defendant agreed to save plaintiff harmless. At the time defendant received this money neither it nor plaintiff were entitled to it; both of them were liable to the School District until the full amount of its claim had been paid and neither had a right to take this money until that time. Since then the claim of the School District has been paid in full but plaintiff has paid nothing thereon. However, the Hartford Accident and Indemnity Company, as surety on plaintiff's official bond, did contribute thereto and under the decision in *Beaver County* v. *Home Indemnity Co.*, 88 Utah 1, 42, 52 P. 2d 435, it has a better claim to this money than defendant, but defendant claims that the statute of limitations has now run against such claim. Plaintiff has made no payment to any one on the claim of the School District, but he is liable to the Hartford Accident and Indemnity Company for the amount which is contributed to the claim of the School

District. Defendant paid the full amount of the penalty on its depository bond, but has received back therefrom the sum of $1,250, therefore its liability to plaintiff, if any, would be no greater than it would be if it had paid only $3,750. Plaintiff concedes that if he were not liable to the Hartford Accident and Indemnity Company he could not recover from defendant since in such case he would not be harmed in any manner. Plaintiff must recover, if at all, on the ground that by the terms of the depository bond or the law governing the liability of the surety thereon defendant is bound to protect plaintiff personally from liability (not from actual loss), on account of the failure of the bank to pay the funds of the School District upon legal demand. The depository bond provides as follows:

"Know All Men by These Presents:

"That Tooele County State Bank of Tooele, Utah, (hereinafter called Principal), as Principal, and The Metropolitan Casualty Insurance Company of New York (hereinafter called Surety) as Surety, are held and firmly bound unto the Treasurer, Tooele County School Board, Tooele, Utah (hereinafter called Obligee) in the full and just sum of Five Thousand and No/100 Dollars ($5,000.00), to the payment of which, well and truly to be made, the Principal and Surety hereby bind themselves, their successors and assigns, jointly and severally, firmly by these presents.

"Whereas, the Principal has been designated as a depository of School District Funds.

"Now, therefore, the condition of the above obligation is such that if the above bounden Principal shall, in due course, pay, on legal demand made during the term of this bond, all moneys deposited pursuant to such designation, including any balance on deposit at the beginning of said term, together with interest at the rate agreed upon, then this obligation shall be void, otherwise of full force and effect."

The "Treasurer, Tooele County School Board, Tooele, Utah," is the obligee in the depository bond, not the plaintiff personally. The bond was furnished by the bank in order to become eligible as a depository of public funds and not to protect plaintiff personally against liability. Plaintiff brings this suit not as the Treasurer of the School Board but in his private capacity; the School District will

neither benefit nor suffer as a result of this litigation. There is nothing in the terms of the bond which indicated that defendant thereby undertook to protect plaintiff from personal liability. But plaintiff argues that in equity he is entitled to this money. Had he bought and paid for a bond wherein the surety agreed to protect him personally from liability, then in equity he would be entitled to such protection, but his equities do not go beyond the undertaking as contained in the bond.

. Nor is there anything in the statute, Chap. 46, Laws of Utah for 1929, under which this bond was furnished, which requires the depository bond to protect the Treasurer against personal liability. The purpose of the bond as therein required is to protect the public against loss of its funds. It expressly provides that where he complies with the statutory requirements strictly he shall not be liable personally for the loss of funds that come into his custody. Had he so complied with the provisions of the statute he would not need protection against personal liability.

Plaintiff quotes from and relies on the opinion in *Beaver County* v. *Home Indemnity Company*, supra. Some of the language when read alone seems to give him some support but such seeming support disappears when read in the light of the fact that the opinion was discussing the liability to the Treasurer in his official capacity and not liability to him personally. Throughout the opinion it is repeatedly made clear that any rights which he had was as a public officer and not as a private individual. Here he sues only as a private individual and not in his previous official capacity. Had the plaintiff paid the School District or the surety on his official bond for the loss suffered, he might have been in a different position but no such question is here presented and we express no opinion thereon.

Judgment affirmed; respondent awarded costs on appeal.

McDONOUGH, TURNER, and WOLFE, JJ., concur.

LARSON, C. J., dissents.